# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2013

No. 13-30142
Summary Calendar

Lyle W. Cayce
Clerk

JONATHAN PARKER,

Plaintiff - Appellant

v.

PRO WEST CONTRACTORS, L.L.C.; ROBERT GILMAN,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-2679

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Jonathan Parker appeals the district court's dismissal of his contract dispute against Pro-West Contractors and its president, Robert Gilman, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over defendants. Parker contends the district court erred because he established *prima facie* that Pro-West and Gilman had the requisite minimum contacts with Louisiana to be subject to that state's jurisdiction. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further asserts that the court erred in determining his company, Omnitech, was not properly a party to this action because it was not represented by licensed counsel. Because we AFFIRM the district court's personal-jurisdiction analysis, we need not address Parker's second claim.

A district court's determination with regard to whether it may exercise personal jurisdiction over a non-resident defendant is reviewed *de novo*. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 342 (5th Cir. 2004). Where, as here, the district court makes a personal-jurisdiction decision without holding an evidentiary hearing, plaintiff "must make only a *prima facie* showing of the facts on which jurisdiction is predicated." *Id.* at 342-43 (internal quotation marks omitted). The Louisiana "long-arm" statute extends the state's exercise of personal jurisdiction over non-resident defendants to the fullest extent consistent with due process under the United States Constitution. LA. REV. STAT. § 13:3201(B). Therefore, jurisdiction over Pro-West and Gilman is proper if Parker has made a *prima facie* case that they have "certain minimum contacts with [Louisiana] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Because Parker does not claim Pro-West and Gilman have sufficient contacts with Louisiana to subject them to suit in that state for any purpose at any time, but rather that their actions with regard to the underlying contract should subject them to suit in this particular instance, the only type of personal jurisdiction at issue is specific jurisdiction. Specific jurisdiction is proper where defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal quotation marks and citations omitted). The relationship between defendant's conduct in the forum state, the underlying transaction, and

2

No. 13-30142

plaintiff's alleged injury should be such that defendant "should reasonably anticipate being haled into court" there; otherwise, personal jurisdiction should not be asserted. *Id.* at 486.

The district court correctly concluded that Parker has not met his burden. Pro-West is based in Alaska. The contract underlying this dispute was for subcontracting work on a bridge being built in Alaska. Parker submitted the subcontracting bid to Pro-West–*i.e.*, Pro-West did not seek out a Louisiana sub-contractor. It is undisputed that Pro-West maintains no permanent ties to Louisiana and conducts no business there, and that no representative of the company has traveled to Louisiana for business purposes.

Parker's contention that Pro-West and Gilman nonetheless have purposefully directed their activities toward Louisiana sufficiently to ground jurisdiction is based on two sets of facts: Pro-West contracted with Parker and communicated with him via email while he was in Louisiana; and Pro-West is listed as the certificate holder on Omnitech's Louisiana-based certificate of liability insurance. This second contention is foreclosed by the fact that no insurance certificate appears in the record; although Parker is proceeding *pro se*, he still bears the burden as the appellant to create the record on appeal and show that it establishes the basis for reversal. *See United States v. Coveney*, 995 F.2d 578, 587 (5th Cir. 1993). As the district court properly concluded, the other contacts Parker alleges do not establish the requisite minimum contacts for personal jurisdiction. *See Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1028-29 (5th Cir. 1983) (no personal jurisdiction where defendant company agreed to purchase goods made in forum state, engaged in extensive communication with plaintiffs based in forum state, traveled to forum state, and contract was created in forum state).

AFFIRMED.

3